# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TREEHOUSE AVATAR LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 15-427-SLR-SRF ) ) **JURY TRIAL DEMANDED** |
| VALVE CORPORATION, | ) ) |
| Defendant. | ) ) |

## VALVE CORPORATION'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406(a) AND MOTION FOR LEAVE TO AMEND ANSWER

OF COUNSEL:

Gavin Skok
Shata L. Stucky
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
Tel: (206) 624-3600

Reynaldo C. Barceló
Joshua C. Harrison
BARCELO, HARRISON & WALKER, LLP
2901 West Coast Hwy, Suite 200
Newport Beach, CA 92663
Tel: (949) 340-9736

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Valve Corporation*

Dated: May 26, 2017
5216125 / 42528

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL & PROCEDURAL BACKGROUND ............................................... 2

        A.      Valve Is a Washington Corporation with Its Principal Place of Business in
                Bellevue, Washington. ............................................................................... 2

        B.      Treehouse Sues Valve in this District, Invoking Venue Under 28 U.S.C.
                § 1391(b), and Valve Moves to Transfer. .................................................. 2

III.    ARGUMENT ........................................................................................................ 4

        A.      Venue is Improper in This District Under *TC Heartland*, Requiring Dismissal or
                Transfer. ..................................................................................................... 4

        B.      Valve Has Not Waived Its Right to Challenge Venue. ............................. 5

        C.      Valve Should Be Granted Leave to Amend Its Answer To Bring Its Venue
                Averments Into Line With Intervening Supreme Court Precedent. .......... 7

IV.     CONCLUSION ..................................................................................................... 8

**TABLE OF AUTHORITIES**

**CASES**

Page(s)

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*,
  No. 13 Civ. 981 PGG, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) .....................................7

*Chatman-Bey v. Thornburgh*,
  864 F.2d 804 (D.C. Cir. 1988) ...............................................................................................6

*DN Lookup Tech. LLC v. Comcast Corp.*,
  C.A. No. 11-1181-LPS, 2012 WL 4511286 (D. Del. Oct. 1, 2012) .........................................5

*Eames v. Nationwide Mut. Ins. Co.*,
  C.A. No. 04-1324-KAJ, 2006 WL 2506640 (D. Del. Aug. 29, 2006) .....................................7

*Holzsager v. Valley Hosp.*,
  646 F.2d 792 (2d Cir. 1981) ...................................................................................................6

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ................................................................................................3, 5

*Lafferty v. St. Riel*,
  495 F.3d 72 (3d Cir. 2007) .....................................................................................................6

*Laydon v. Mizuhno Bank, Ltd.*,
  Civ. A. No. 12-cv-3419 (GBD), 2015 WL 1499185 (S.D.N.Y. March 31,
  2015) ......................................................................................................................................6

*TC Heartland. Engel v. CBS, Inc.*,
  886 F. Supp. 728 (C.D. Cal. 1995) .........................................................................................5

*TC Heartland LLC v. Kraft Food Group Brands LLC*,
  ___ U.S. ___, Slip Op. No. 16-341 (May 22, 2017) ...................................................... *passim*

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990) .....................................................................................1, 3, 5

*Weiss v. Nat'l Westminster Bank PLC*,
  176 F. Supp. 3d 2644 (E.D.N.Y. 2016) ..................................................................................7

**STATUTES & RULES**

28 U.S.C. § 1391 ..............................................................................................................1, 3, 7, 8

28 U.S.C. § 1400 ................................................................................................................ *passim*

28 U.S.C. § 1404(a) ...................................................................................................3, 5, 6

28 U.S.C. § 1406(a) ...................................................................................................1, 2, 5, 6

FED. R. CIV. P. 12......................................................................................................1, 5, 6, 7

FED. R. CIV. P. 15......................................................................................................1, 2, 7

FED. R. CIV. P. Rule 16(b)(4) ....................................................................................2, 7

iii

Defendant Valve Corporation ("Valve") hereby moves the Court: (1) pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), to dismiss this case for lack of venue or transfer it to the Western District of Washington, which is the only proper venue under *TC Heartland LLC v. Kraft Food Group Brands LLC*, ___ U.S. ___, Slip Op. No. 16-341 (May 22, 2017), and (2) pursuant to Fed. R. Civ. P. 15(a) and 16(b)(4), to grant Valve leave to amend the venue averments in its Answer in light of *TC Heartland*.

## I.      INTRODUCTION

When Plaintiff Treehouse Avatar ("Treehouse") filed this lawsuit two years ago, decades-old Federal Circuit precedent held that 28 U.S. C. § 1400(b) incorporated the definition of corporate residence contained in the general venue statute, 28 U.S.C. § 1391(c). *See, e.g.*, *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990). Under § 1391(c), a corporate defendant "resides" in any district where the defendant is subject to the Court's personal jurisdiction. Consequently, Federal Circuit precedent in effect when this lawsuit was filed authorized venue for patent cases in *any* district where a corporate defendant was subject to personal jurisdiction. *See VE Holding*, 917 F.2d at 1578–79.

The Supreme Court changed all of that on May 22, 2017 with its decision in *TC Heartland*. That case rejected the Federal Circuit's conclusion that § 1391(c) defines a corporation's residence for venue in patent cases. Instead, the Court reiterated that venue in patent cases is solely controlled by § 1400(b), and held that for purposes of § 1400(b), a corporation "resides" only in its state of incorporation. *TC Heartland*, Slip Op. No. 16-341 at 2.

*TC Heartland* makes clear that venue in this District is now improper. As Treehouse recognized in its Complaint, Valve is not a Delaware corporation and does not have a regular and established place of business in Delaware. Instead, Valve is a Washington corporation with its principal place of business in Bellevue, Washington. (*See* D. I. 1 ¶ 3).

Valve therefore respectfully requests that the Court dismiss this case or transfer it to the Western District of Washington pursuant to 28 U.S.C. § 1406(a). Pursuant to Fed. R. Civ. P. 15(a) and 16(b)(4), Valve also requests that the Court grant Valve leave to amend the venue averments in its Answer to bring them into conformity with the law as announced by the Supreme Court in *TC Heartland.*

## II.     FACTUAL & PROCEDURAL BACKGROUND

### A.     Valve Is a Washington Corporation with Its Principal Place of Business in Bellevue, Washington.

Valve is a Washington corporation that develops and distributes online video games. (Declaration of Scott Lynch ("Lynch Decl.") ¶¶ 2-3) (D. I. 19). Valve also operates an online game platform called Steam. (*Id.*) Valve distributes its games and Steam client software digitally through its website, as well as in retail outlets throughout the United States. (*Id.*)

Valve's headquarters are located in Bellevue Washington, within the Western District of Washington. (*Id.* ¶ 3). Valve's software and website development and design teams are located in Bellevue, Washington. (*Id.* ¶ 5). The Valve employees that developed the accused games and services are also located in Bellevue, Washington. (*Id.*)

Valve is not a Delaware business entity. (*Id.* ¶ 4). Valve does not have an office or place of business in Delaware, nor does Valve maintain any employees in Delaware. (*Id.*) Valve also does not uniquely target Delaware for the sale of its games and services. (*Id.*) Rather, Valve's products are equally available throughout the United States. (*Id.*)

### B.     Treehouse Sues Valve in this District, Invoking Venue Under 28 U.S.C. § 1391(b), and Valve Moves to Transfer.

Treehouse filed its Complaint against Valve in the District of Delaware on May 25, 2015. (D. I. 1). Treehouse's Complaint alleged that certain of Valve's online video games infringe Treehouse's patent, United States Patent No. 8,180,858. (*See generally id.*) However, instead of

asserting venue under the patent case venue statute (28 U.S.C. § 1400), Treehouse invoked the general venue statute (§ 1391(b)) in its Complaint.  (*See* D. I. 1 ¶ 6).  Treehouse also alleged that Valve is incorporated in the State of Washington, with its principal place of business in Bellevue, Washington.  (*Id.* ¶ 3).

Valve moved to transfer this case to the Western District of Washington on October 30, 2015.  (D. I. 18).  Because then-binding Federal Circuit precedent (e.g., *VE Holding*) authorized venue in this District, Valve moved to transfer based on *forum non conveniens* under 28 U.S.C. § 1404(a), arguing that the interests of justice and convenience favored venue in the Western District of Washington.  (*See id.*)

The Court denied Valve's motion to transfer on March 22, 2016.  (D. I. 24).  The Court first held that both Delaware and Washington were proper venues under then-existing law.  The Court then analyzed the factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) to determine whether the case should be transferred under § 1404(a), and ultimately concluded that it should not be transferred on that basis.  (*Id.* at 3-9).

In light of the then-binding Federal Circuit precedent, and this Court's ruling that venue was proper in this District, on April 5, 2016, Valve admitted in its Answer that venue in this District was proper under 28 U.S.C. § 1391(b).  (D. I. 26 at 2 ¶ 2).  Valve, however, denied that this District was the appropriate venue for this action considering the interests of justice or that it was convenient for the parties or witnesses.  (*Id.*)  Valve made no admissions or averments about whether venue was proper under 28 U.S.C. § 1400, which *TC Heartland* has now made clear is the controlling venue statute.

### III.     ARGUMENT

#### A.     Venue is Improper in This District Under *TC Heartland*, Requiring Dismissal or Transfer.

The Supreme Court has just made clear that venue in patent cases is governed exclusively by § 1400(b). *TC Heartland*, Slip Op. No. 16-341 at 7–10. Section 1400(b) provides that venue in patent cases is limited to: (1) the judicial district where a defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. Venue is not proper in this District under either prong.

First, venue is improper in this District because Valve does not reside in Delaware. "A domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, Slip Op. No. 16-341 at 2. Valve is incorporated in Washington State (*see* D. I. 19 ¶ 3), as Treehouse acknowledged in its Complaint. (*See* D. I. 1 ¶ 3). Valve therefore resides in Washington.

Second, venue is also improper in this District because Valve does not have a regular and established place of business in Delaware. (*See* D. I. 19 ¶¶ 3-5). Instead, Valve's principal place of business is in Bellevue, Washington (*id.*), as Treehouse pled in its Complaint. (*See* D. I. 1 ¶ 3).

Although the accused Valve video games are digitally available in this District (and most of the world) through Valve's website and its Steam online platform, Valve does not uniquely target Delaware for the sale of its products or have any established place of business in this District. (D. I. 19 ¶ 4). As the Supreme Court made clear, a corporate defendant may not be sued for patent infringement merely where it does business. *TC Heartland*, Slip Op. No. 16-341 at 6 (citing *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U. S. 222, 226 (1957)). Rather,

4

a corporate defendant may be sued for patent infringement only where it is incorporated, or where it has a regular and established place of business. *Id.* at 7–10.

Because the only appropriate venue for this action is the Western District of Washington, this case should be dismissed or transferred to the Western District of Washington pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). (*See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")).

        **B.**      <u>**Valve Has Not Waived Its Right to Challenge Venue.**</u>

Valve understands from meeting and conferring with counsel that Treehouse contends Valve waived its venue objections. Treehouse is wrong. Valve cannot have waived a defense that was not available until after the Supreme Court's decision in *TC Heartland*. *Engel v. CBS, Inc.*, 886 F. Supp. 728, 730 (C.D. Cal. 1995) (finding defendants did not waive right to challenge venue when they omitted it in their prior motion because the retroactive application of venue statute was not clear until later D.C. Circuit decision).

Valve did not have a cognizable venue defense available under 28 U.S.C. § 1406(a) when it previously moved to transfer venue under 28 U. S. C. § 1404(a). At that time, Federal Circuit precedent held that venue in patent cases was proper in any district where a corporate defendant was subject to personal jurisdiction. *See, e.g.*, *VE Holding*, 917 F.2d at 1578–79; *DN Lookup Tech. LLC v. Comcast Corp.*, C.A. No. 11-1181-LPS, 2012 WL 4511286, at *6 (D. Del. Oct. 1, 2012). As a result, Valve could only challenge venue under § 1404(a), but was legally barred from raising a § 1406(a) challenge, which is available only when the current venue is improper. *See Jumara*, 55 F.3d at 878 ("Section 1404(a) provides for the transfer of a case where both the

original and the requested venue are proper.  Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case.")

The Supreme Court's decision in *TC Heartland* rendered venue in this District improper, allowing Valve—for the first time—to challenge venue under § 1406(a).  *See Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007) ("Section 1406(a) comes into play where plaintiffs file suit in an improper forum.").  Valve promptly brought this newly-available challenge under § 1406(a) as soon as possible after the Supreme Court's decision in *TC Heartland*.  *See Holzsager*, 646 F.2d at 796 (explaining a party must assert a previously unavailable defense "as soon as [its] cognizability is made apparent").

Nor did Valve waive its venue defense by bringing its prior motion to transfer under § 1404(a).  Rule 12(h) states that a party "waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."  Fed. R. Civ. P. 12(h).  In turn, Rule 12(g)(2) provides that a defense or objection is waived only if it "*was available to the party* but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2) (emphasis added).  "[A] defense is unavailable if its legal basis did not exist at the time of the answer or pre-answer motion . . . ."  *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 n.9 (D.C. Cir. 1988) (citing *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981)).  Put another way, "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent."  *Holzsager*, 646 F.2d at 796.

Defenses that are only made cognizable by a sudden change in binding precedent are precisely the sort not deemed to have been "available" previously and, therefore, are not waived by having been omitted from an earlier motion.  *See Laydon v. Mizuhno Bank, Ltd.*, Civ. A. No.

6

12-cv-3419 (GBD), 2015 WL 1499185 (S.D.N.Y. March 31, 2015); s*ee also Weiss v. Nat'l Westminster Bank PLC*, 176 F. Supp. 3d 264, 274 (E.D.N.Y. 2016) (defenses not available to a defendant at the time an earlier Rule 12 motion was filed, but that became available to a defendant upon the Supreme Court's change of law are permitted); *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 Civ. 981 PGG, 2015 WL 1514539, at *7 (S.D.N.Y. Mar. 31, 2015) (same); *cf. Eames v. Nationwide Mut. Ins. Co.*, C.A. No. 04-1324-KAJ, 2006 WL 2506640, at *4 (D. Del. Aug. 29, 2006) (defenses not available to a defendant at the time an earlier Rule 12 motion was filed are not barred).

Finally, Valve's venue averments in its Answer do not waive its ability to bring this motion. Treehouse never pled that venue existed under §1400(b)—which the Supreme Court made clear in *TC Heartland* is the exclusive controlling venue statute in patent cases—and Valve never admitted venue was proper under that statute. Instead, based on then-binding Federal Circuit precedent and the Court's denial of Valve's motion to transfer, Valve's Answer merely admitted that venue existed in this District under § 1391(b), while maintaining its objections that this District was not "the appropriate venue for this action considering the interests of justice." (D. I. 26 ¶ 6).

### C. Valve Should Be Granted Leave to Amend Its Answer To Bring Its Venue Averments Into Line With Intervening Supreme Court Precedent.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Though the deadline to amend pleadings has passed, Rule 16(b)(4) allows the Court to modify the deadline in its scheduling order upon a showing of good cause.

Valve requests leave to amend the venue averments in its Answer to bring them into line with the Supreme Court's holdings in *TC Heartland* regarding which venue statute controls

7

(§1400(b), not § 1391(b) as pled by Treehouse) and whether venue is proper under the controlling statute.  When Valve answered the venue allegations in Treehouse's Complaint, Valve relied on binding Federal Circuit precedent and this Court's order on Valve's motion to transfer venue.  *TC Heartland*, however, makes clear that the basis for Valve's venue averments is not the law.  Leave to amend should be granted in these circumstances.  For the same reason, good cause exists to modify the deadline in the scheduling order to allow this amendment.

## IV.     CONCLUSION

For the foregoing reasons, Valve respectfully requests that the Court dismiss or transfer venue of this case to the Western District of Washington, and grant Valve leave to amend the venue averments in its Answer to bring them into conformity with *TC Heartland*.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Gavin Skok<br>Shata L. Stucky<br>FOX ROTHSCHILD LLP<br>1001 Fourth Avenue, Suite 4500<br>Seattle, WA  98154-1192<br>Tel:  (206) 624-3600<br><br>Reynaldo C. Barceló<br>Joshua C. Harrison<br>BARCELO, HARRISON & WALKER, LLP<br>2901 West Coast Hwy, Suite 200<br>Newport Beach, CA 92663<br>Tel:  (949) 340-9736<br><br>Dated:  May 26, 2017<br>5216125 / 42528 | By: */s/ Bindu A. Palapura*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801<br>Tel:  (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com<br><br>*Attorneys for Defendant Valve Corporation* |