IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TREEHOUSE AVATAR LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-427-JFB-SRF |
| | ) | |
| VALVE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Presently before the court in this patent infringement action is the motion to dismiss or transfer venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), as well as the motion for leave to amend the answer pursuant to Rules 15(a) and 16(b)(4), filed by defendant Valve Corporation ("Valve"). (D.I. 76) For the following reasons, I recommend that the court grant Valve's motion to transfer this action to the Western District of Washington, and deny without prejudice Valve's motion to amend its answer.

## II. BACKGROUND

### A. Parties

On May 27, 2015, plaintiff Treehouse Avatar LLC ("Treehouse"), a Delaware corporation headquartered in Ottawa, Canada, filed the present patent infringement action against Valve, alleging infringement of U.S. Patent No. 8,180,858 ("the '858 patent"). (D.I. 1 at ¶ 7) Valve is a Washington corporation headquartered in Bellevue, Washington. (*Id.* at ¶ 2) Valve produces and markets video games including "Team Fortress 2," "Dota 2," and "Portal 2," among others. (*Id.* at ¶ 13)

**B. Patent-In-Suit**

The '858 patent, entitled "Method And System For Presenting Data Over A Network Based On Network User Choices And Collecting Real-Time Data Related To Said Choices," was issued on May 15, 2012 to Treehouse as the assignee of inventors Ian N. Robb, Michael B. Madlener, and Ken J. McGuire. (*Id.* at ¶ 7) The '858 patent is directed to methods of collecting data from an information network in response to user choices of a plurality of users navigating character-enabled ("CE") network sites on the network. (*Id.* at ¶ 9) For example, in networked video games used through a web browser or computer application accessing a server through the internet, users may select characters and character attributes from data presented to the users in one embodiment. (*Id.*)

**C. Procedural History**

In response to the filing of the complaint on May 27, 2015, Valve filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 7, 2015. (D.I. 11) On October 30, 2015, Valve filed a motion to transfer venue in accordance with 28 U.S.C. § 1404(a).[1] (D.I. 17) Judge Robinson issued a memorandum opinion on March 22, 2016, denying the motion to dismiss and the motion to transfer. (D.I. 24; D.I. 25) Valve filed its answer on April 5, 2016. (D.I. 26) The deadline to amend pleadings passed on December 9, 2016. (D.I. 31) Presently before the court is Valve's motion to dismiss or transfer venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), and motion for leave to amend its answer pursuant to Rules 15(a) and 16(b)(4), which was filed on May 26, 2017. (D.I. 76)

---

[1] It is well-established that a motion to transfer venue pursuant to § 1404(a) is based on the convenience of the parties, and is not based on a contention that venue is improper. *See Emguschowa v. N.Y. Steak & Seafood*, 1997 WL 27103, at *1 (E.D. Pa. Jan. 22, 1997) (noting that a § 1404(a) motion to transfer venue "is analytically and procedurally distinct from an improper venue defense.").

## III. LEGAL STANDARD

### A. Venue

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017). In *Fourco Glass Co. v. Transmirra Products Corp.*, the Supreme Court concluded that a domestic corporation "resides" only in its state of incorporation for purposes of the first prong of § 1400(b). 353 U.S. 222, 229 (1957). The Supreme Court recently reaffirmed the decision in *Fourco*, concluding that a corporation resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1520. In determining whether a defendant has a "regular and established place of business" in Delaware under the second prong of § 1400(b), the words of the statute provide clear guidance, and the Supreme Court has stated that the provisions of § 1400(b) are not to be liberally construed. *See Boston Sci. Corp. v. Cook Grp. Inc.*, C.A. No. 15-980-LPS-CJB, ___ F. Supp. 3d ___, 2017 WL 3996110, at *10 (D. Del. Sept. 11, 2017).

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to file a motion to dismiss for improper venue, although the defense may be waived under Rule 12(h)(1) if it is omitted from a motion filed under Rule 12(g)(2). Fed. R. Civ. P. 12(b)(3); 12(h)(1); 12(g)(2). Following the Supreme Court's recent decision in *TC Heartland*, many district courts faced circumstances similar to those presently before the court, in which a defendant filed a Rule 12(b) motion prior to the Supreme Court's ruling in *TC Heartland*, and subsequently moved to dismiss for improper

3

venue under Rule 12(b)(3) by applying the standard set forth in *TC Heartland*. A split emerged among district courts as to whether the defendant in such circumstances had waived its right to challenge venue, or whether the intervening law exception should apply to permit the Rule 12(b)(3) motion. The Federal Circuit recently resolved the split of authority in *In re Micron Technology, Inc.*, unequivocally stating that "[t]he Supreme Court changed the controlling law when it decided *TC Heartland* in May 2017." 2017 WL 5474215, at *6 (Fed. Cir. Nov. 15, 2017) (concluding that "the venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue.").

The Federal Circuit opened the door to another timeliness challenge in the context of the venue inquiry in *In re Micron*, suggesting that the trial court may use its inherent powers and standard procedural devices to facilitate "the just, speedy, and inexpensive resolution of disputes" in accordance with Rule 1 and the Supreme Court's decision in *Dietz v. Bouldin, Inc.*, 136 S. Ct. 1885, 1891 (2016). *In re Micron*, 2017 WL 5474215, at *6. The court's exercise of its inherent power "must be a reasonable response to the problems and needs confronting the court's fair administration of justice," and "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz*, 136 S. Ct. at 1892 (internal citations and quotation marks omitted). The Federal Circuit noted that "Congress has provided express statutory confirmation of judicial authority to consider the timeliness and adequacy of a venue objection: 28 U.S.C. § 1406(b) provides that '[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.'" *In re Micron*, 2017 WL 5474215, at *7 (quoting 28 U.S.C. § 1406(b)).

4

### B. Amended Pleading

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Pursuant to Rule 16(b)(4), the court may modify the deadline to amend pleadings upon a showing of good cause. Fed. R. Civ. P. 16(b)(4).

### IV. DISCUSSION

#### A. Venue

As a preliminary matter, the court addresses whether Valve's motion is properly before the court. The Federal Circuit's decision in *In re Micron* establishes that Valve did not waive its venue defense under Rule 12(h)(1) and Rule 12(g)(2) because the Supreme Court's decision in *TC Heartland* represents an intervening change in the law. *In re Micron*, 2017 WL 5474215, at *6. Consequently, Treehouse's argument that Valve waived its right to challenge venue under § 1400(b) fails as a matter of law.

5

Application of the forfeiture test set forth in *In re Micron* pursuant to Rule 1 and the Supreme Court's decision in *Dietz* does not alter this conclusion.[2] The present record reflects that trial is not scheduled to take place until July 2019, and the court does not find that Valve failed to seasonably assert its venue defense, having previously contested venue in its October 30, 2015 motion to transfer under § 1404(a), and having filed the present motion promptly after the Supreme Court's issuance of its decision in *TC Heartland*. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939); *see also In re Micron*, 2017 WL 5474215, at *8 (noting that, although "[w]e have not provided a precedential answer to the question whether the timeliness determination may take account of factors other than the sheer time from when the defense becomes available to when it is asserted," the proximity of trial is a consideration). Given the circumstances of the present case schedule and the Federal Circuit's caution that "the lee-way to find such forfeiture" is not broad, the court concludes that Valve's motion cannot properly be denied on grounds relating to its timeliness. *See In re Micron*, 2017 WL 5474215, at *8.

Having concluded that Valve's venue challenge is timely, the court must next determine whether venue is proper under § 1400(b). It is uncontested that Valve is incorporated in Washington, and "[a] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Consequently, the first prong of the inquiry under § 1400(b) is not met.

The court must next consider whether Valve satisfies the second prong of § 1400(b), which requires the court to determine whether Valve maintains a regular and established place of business in Delaware. "[I]n determining whether a corporate defendant has a regular and

---

[2] The parties did not present briefing on this line of argument.

established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there and not . . . whether it has a fixed physical presence in the sense of a formal office or store." *In re Cordis*, 769 F.3d 733, 737 (Fed. Cir. 1985). However, "[o]n its face, the statutory language requires that the defendant at least have a [physical] 'place' in which it does business in the district—e.g., a place authorized by the defendant where some part of the defendant's business is done." *Boston Sci.*, 2017 WL 3996110, at *12. "[S]imply doing business in a district or being registered to do business in a district is insufficient, without more, to make that district a regular and established place of business for any particular entity." *Id.* at *13. Moreover, establishing that a defendant has minimum contacts with a district under the personal jurisdiction inquiry is not sufficient to prove the existence of a regular and established place of business in the district. *Id.*

Treehouse argues that "[t]he vast majority of Valve's business takes place on the internet," and "[t]here is constant communication between a player's computer and Valve's servers while someone is playing one of Valve's games." (D.I. 81 at 15) According to Treehouse, players acting as Valve surrogates to provide networks for other players to connect and play Valve's games constitute a "regular and established" place of business in the internet age, noting that, "[a]s business evolves, it is important that the law regarding what constitutes a 'regular and established place of business' evolves also to reflect the reality of how business is conducted today." (D.I. 81 at 17)

The record reflects that Valve maintains its principal place of business in Bellevue, Washington, where substantially all of its employees work, and has no offices or employees in Delaware. (D.I. 19 at ¶¶ 3-5) Valve's business model, which otherwise has very few "physical"

7

aspects, admittedly does not fit neatly into the legal framework provided under § 1400(b). Although maintaining a website allowing customers to purchase a defendant's products within the district is not sufficient to qualify as a regular and established place of business in the district, *see Boston Sci.*, 2017 WL 3996110, at *13, Valve's internet gaming platform is integral to its business dealings in a manner incomparable to a typical commercial website offering physical products for sale.

However, Valve's business dealings give rise to similar concerns of "essentially turn[ing] any cell phone, laptop, or computer into a regular and established place of business" for a company. *Id.* Treehouse relies on the independent activities of Valve's customers to establish Valve's physical presence in Delaware, observing that Valve "allows players, including players in Delaware, to host a server on their computer." (D.I. 81 at 16 n.8) The location of a server hosted not by Valve, but by its customer, is too remote to establish the physical presence required under § 1400(b) and raises questions as to the permanence of Valve's presence.

In addition, "simply doing business in a district or being registered to do business in a district is insufficient, without more, to make that district a regular and established place of business for any particular entity." *Boston Sci.*, 2017 WL 3996110, at *13. The facts relied upon by Treehouse do not identify how Valve's activities and presence in Delaware go beyond its business dealings in the district. Treehouse places emphasis on the global nature of Valve's operations, the volume of customers utilizing its games in Delaware and elsewhere, and communications between a customer's computer and Valve's numerous servers, but Treehouse cites no authority suggesting that the volume of customers in a given district is sufficient to establish a company's physical presence there for purposes of the venue inquiry under § 1400(b). Instead, these facts merely illustrate Valve's standard method of doing business. Permitting such

8

activities to qualify as a regular and established place of business under the second prong of § 1400(b) would effectively swallow the first prong, which uses the word "resides" to "negat[e] any intention to make corporations suable, in patent infringement cases, where they are merely 'doing business.'" *See TC Heartland*, 137 S. Ct. at 1519 (quoting *Fourco*, 353 U.S. at 226).

Consequently, Valve's activities in Delaware are not adequate to satisfy the second prong of § 1400(b). For the foregoing reasons, I recommend that the court grant Valve's motion to transfer this action to the Western District of Washington.

### B. Amended Pleading

Having concluded that transfer is warranted, I recommend that this court deny without prejudice Valve's motion to amend, which is properly resolved by the transferee court.[3]

## V. CONCLUSION

For the foregoing reasons, I recommend that the court grant Valve's motion to transfer venue to the Western District of Washington, and deny without prejudice Valve's motion to amend its answer. (D.I. 76)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10)

---

[3] Treehouse contends that transfer is not warranted because Delaware is the only proper venue for Valve's counterclaims against Treehouse. (D.I. 81 at 18) However, § 1400(b) applies only to civil actions for "patent infringement," and does not extend to Valve's counterclaims for declaratory judgment of non-infringement and invalidity. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990), *abrogated on other grounds by TC Heartland*, 137 S. Ct. 1514 (2017) ("It has long been held that a declaratory judgment action alleging that a patent is invalid and not infringed—the mirror image of a suit for patent infringement—is governed by the general venue statutes, not by § 1400(b).").

9

pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 20, 2017

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE